# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1549 | **DATE** | 8/31/2004 |
| **CASE TITLE** | KAREN SADOWSKY vs. UNITED STATES OF AMERICA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. As we do not have jurisdiction over petitioner's motion, we do not rule on its merits. However, even if we did have jurisdiction, we would deny it without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 0 1 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | 2004 AUG 31 PM 6:05 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN SADOWSKY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 04 C 1549 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

DOCKETED
SEP 01 2004

MEMORANDUM OPINION AND ORDER

Petitioner Karen Sadowsky was sentenced on March 10, 2004, to 32 months imprisonment and three years probation for wire fraud and false statements (USA v. SADOWSKY, 02 CR 7401). On February 27, 2004, petitioner filed a motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255, along with a motion to proceed *in forma pauperis* and a motion for appointment of counsel. On March 8, 2004, the court issued a memorandum opinion and order denying petitioner a copy of the transcript of her proceedings for preparation of a § 2255 petition, finding no basis for such a petition. As previously stated, "her plea agreement waives any possible collateral attack other than a claim of involuntariness, or ineffective assistance of counsel, 'which relates directly to this waiver or its negotiation,' – a very small window indeed."

Petitioner has now filed a motion for a certificate of appealability and a motion for appointment of counsel. Though the motion for a certificate of appealability was addressed to the Seventh Circuit Court of Appeals, it was filed in this district court. In her motion for a certificate of appealability, petitioner seeks to file a second motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. Before a district court entertains a second or successive motion filed under § 2255, it must be certified by a panel of the appropriate court of



appeals to contain newly discovered evidence that could establish that no reasonable factfinder would have found the movant guilty, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; *see* 28 U.S.C. § 2244(a). The petitioner's motion has not been certified by a panel of the Seventh Circuit, and therefore we do not have jurisdiction over it.

Petitioner asserts that she never received a judgment on her first §2255 petition and, in fact, the minute order attached to our opinion did not directly deny her original petition. However, even if we had jurisdiction over petitioner's current motion, we would deny it. Petitioner seeks to have her sentence vacated in light of the Supreme Court's ruling in Blakely v. Washington, 124 S. Ct. 2531 (2004), which held unconstitutional an upward departure in sentencing based on judicial fact-finding under state sentencing guidelines. Petitioner argues that Blakely establishes that her Sixth Amendment rights were violated when her sentence was enhanced pursuant to federal sentencing guidelines. If we had jurisdiction, we would deny petitioner's motion without prejudice, allowing her to refile an applicable motion if it is determined that Blakely applies retroactively to sentences determined under the federal sentencing guidelines. *See* Simpson v. U.S., 376 F.3d 679, 681 (2004) (dismissing without prejudice Simpson's application for leave to file a successive collateral attack based on Blakely, but recognizing his right to refile should "the Supreme Court announce that Blakely applies retroactively to cases on collateral review").

## CONCLUSION

As we do not have jurisdiction over petitioner's motion, we do not rule on its merits. However, even if we did have jurisdiction, we would deny it without prejudice.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 31, 2004.